FILED

UNITED STATES DISTRICT COURT
FOR THE FLORIDA MIDDLE DISTRICT COURT
FT. MYERS DIVISION

2018 FEB 12 AM 11:55
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

| | |
|---|---|
| **ROBERT VETTER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**AMERICAN INSURANCE AGENCIES DIRECT HOLDING, INC.,** a Florida corporation,<br><br>*Defendant.* | Case No. 2:18-cv-94-Ftm-99CM<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

### CLASS ACTION COMPLAINT

Plaintiff Robert Vetter ("Vetter" or "Plaintiff Vetter") brings this class action against Defendant American Insurance Agencies Direct Holding, Inc. ("AIA" or "Defendant AIA") to stop its practice of sending unsolicited text messages to cellular telephones without the recipient's prior express written consent, and to obtain redress for all persons injured by its conduct, including injunctive relief. Plaintiff Vetter alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1. This case involves Defendant's wide-scale telemarketing campaigns that consist of unsolicited text messages to consumers' cellular telephones without consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

2. By sending these text messages, Defendant caused Plaintiff and others actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of

1

privacy that result from the receipt of such text messages, in addition to the wear and tear on their cellular telephones, consumption of battery life, and lost cellular minutes.

3. The TCPA was enacted to protect consumers from text messages like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease all solicitation text-messaging activities to cellular telephones without first obtaining prior express written consent, as well as an award of statutory damages to the members of the Classes under the TCPA, costs, and reasonable attorney's fees.

## PARTIES

4. Plaintiff Vetter is a natural person residing in Bonita Springs, Florida.

5. Defendant AIA is a Florida corporation with its principal address located at 5566 Broadcast Court, Sarasota, FL 34240.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because it conducts a significant amount of business in this District, solicits consumers in this District, sent and continues to send unsolicited text messages to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts a significant amount of business within this District and markets to this District, and because the wrongful conduct giving rise to this case occurred in and/or was directed to this District. Venue is additionally proper because Plaintiff Vetter resides in this District.

## COMMON FACTUAL ALLEGATIONS

8. In recent years, companies such as Defendant have turned to unsolicited telemarketing as a way to increase their customer base.

9. Text messages, like the ones sent in the instant action, are considered calls under the TCPA. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (July 3, 2003); *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (noting that text messaging is a form of communication used primarily between telephones and is therefore consistent with the definition of a "call").

10. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires *"prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

11. Yet, in violation of this rule, Defendant fails to obtain any prior express written consent to send solicitation text messages to consumers' cellular telephone numbers.

12. Defendant sent text messages promoting its services from telephone number 941-202-6840, among others.

13. In sending these text messages, Defendant took no steps to acquire the prior express written consent of Plaintiff or the Class Members.

14. Consumers who have been victims of Defendant's conduct have voiced their frustration on the Internet. A sampling is provided below:

> • *"I have asked this company to stop contacting [me.] I'm not interested and they continue to harass and call my personal*

*phone daily. I would like for this company to be blocked from calling me."*[1]

- *"Unsolicited call"*[2]

- *"keeps filling up voicemail with messages about insurance"*[3]

- *"Trying to sell health insurance, NONSTOP!!"*[4]

- *"Calls all the time"*[5]

15. Defendant sent the same (or substantially the same) text message calls *en masse* to thousands of cellular telephone numbers throughout the United States.

16. In sending the text messages at issue in this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS").[6] Specifically, the hardware and software used by Defendant (or its agents) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention. Defendant's ATDS includes features substantially similar to a predictive dialer, inasmuch as it is capable of sending numerous text messages simultaneously (all without human intervention).

---

[1] https://www.bbb.org/west-florida/business-reviews/insurance-companies/american-insurance-agencies-direct-in-lakewood-ranch-fl-90125224/reviews-and-complaints?section=complaints; (last accessed on February 8, 2018).

[2] https://www.shouldianswer.com/phone-number/9413122841; (last accessed on February 8, 2018).

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *See* www.aiainsuranceplans.com/Quotes/LeadInformation.aspx?referralId=13540196&zip=33133; (last accessed on February 8, 2018).

## FACTS SPECIFIC TO PLAINTIFF ROBERT VETTER

17. On January 24, 2018 at 11:35 AM, Vetter received a text message from Defendant using phone number 941-202-6840. The text stated: "Quality Affordable Health Insurance. Choice of Drs and Hospitals. Save up to 30%. Call me! – Reply STOP to prevent further messages."

18. Vetter replied to the text message immediately with "Stop."

19. Vetter received a text message immediately after his stop request stating, "You have successfully been unsubscribed. You will not receive any more messages from this number. Reply START to resubscribe." This type of automatic opt-out shows that the original text message was also initiated through an ATDS.

20. The text messages are displayed below:



21. The telephone number 941-202-6840 is owned and/or affiliated with AIA.

5

22. Vetter has not sought information regarding the services of AIA and was not searching for health insurance at the time he received the text messages.

23. Vetter did not request that Defendant and/or its affiliates to send text messages to him or offer him its services.

24. Vetter has never provided his prior express written consent to Defendant to send solicitations text messages to him and he has no business relationship with AIA.

25. By sending unauthorized text messages as alleged herein, Defendant caused Vetter actual harm in the form of annoyance, nuisance, and invasion of privacy. The texts disturbed Vetter's use and enjoyment of his cellular telephone, in addition to the wear and tear on the cellular telephone's hardware (including the cellular telephone's battery) and the consumption of memory on their cellular telephones.

## CLASS ALLEGATIONS

26. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seek certification of the following Class:

> **Text Message No Consent Class:** All persons in the United States who from a date four years prior to the filing of the initial complaint in this case through the present: (1) Defendant (or a third person acting on behalf of Defendant) sent text messages promoting Defendant' services, (2) to the person's cellular telephone number, and (3) for whom Defendant claims it obtained consent in the same manner as Defendant claims it obtained consent from Plaintiff.

27. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3)

Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

28. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent text messages to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

29. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) whether Defendant's conduct constitutes a violation of the TCPA;

    (b) whether Defendant utilized an automatic telephone dialing system to send text messages to Plaintiff and members of the Class;

    (c) whether Plaintiff and members of the Class are entitled to statutory and treble damages based on the willfulness of Defendant's conduct;

    (d) whether Defendant obtained prior express written consent to contact any Class members.

30. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action

on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

31. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or laws applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

### CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Vetter and the Text Message No Consent Class)

32. Plaintiff repeats and re-alleges paragraphs 1-31 of this Complaint and incorporates them herein by reference.

33. Defendant sent marketing text messages to cellular telephone numbers belonging to Plaintiff and other members of the Text Message No Consent Class without first obtaining prior express written consent to receive such autodialed calls.

34. Defendant sent the text messages using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers.

35. By sending the unsolicited text messages to Plaintiff and the cellular telephones of members of the Text Message No Consent Class without their prior express written consent, and by utilizing an automatic telephone dialing system to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

36. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Text Message No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

37. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Text Message No Consent Class.

## PRAYER FOR RELIEF

38. An order certifying the Class as defined above, appointing Plaintiff as the representatives of the Class, and appointing their counsel as Class Counsel;

39. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

40. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

41. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

Dated: February 9, 2018

Respectfully submitted,

| HIRALDO P.A. | LAW OFFICES OF STEFAN COLEMAN P.A. |
|---|---|
| */s/ Manuel S. Hiraldo* | Stefan Coleman, Esq. |
| Manuel S. Hiraldo, Esq. | Florida Bar No. 00030188 |
| Florida Bar No. 030380 | 201 S. Biscayne Blvd., 28th Floor |
| 401 E. Las Olas Boulevard | Miami, Florida 33131 |
| Suite 1400 | Telephone: (888) 333-9427 |
| Ft. Lauderdale, Florida 33301 | Facsimile: (888) 498-8946 |
| mhiraldo@hiraldolaw.com | |
| Telephone: 954.400.4713 | |
| *Counsel for Plaintiff and the Class* | *Counsel for Plaintiff and the Class* |

10